MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
STEPHANIE DUCHENE (State Bar No. 234896)
SONNENSCHEIN NATH & ROSENTHAL LLP
685 Market Street, 6th Floor
San Francisco, CA  94105
Telephone: (415) 882-5000
Facsimile:  (415) 543-5472
Email:       mbarnes@sonnenschein.com
             smartin@sonnenschein.com
             sduchene@sonnenschein.com

Attorneys for Defendants
UNIVERSAL UNDERWRITERS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DUARTE & WITTING, INC. dba NADER CHRYSLER PLYMOUTH, and NADER EGHTESAD and AFSANEH EGHTESAD,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY,<br><br>Defendants. | No. C05-1315 MHP<br><br>CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER |

WHEREAS, during the course of discovery in the above-captioned litigation (the "Action"), the underwriting file of Universal Underwriters Insurance Company (bates nos. U787-UU1692) constitutes or contains confidential information ("Confidential Material"); and

WHEREAS, the parties desire to protect the confidential nature of all Confidential Material or information derived therefrom (also hereinafter included in the term "Confidential Material"); and

WHEREAS, the parties have agreed or may agree in the future to furnish certain documents constituting or containing Confidential Material subject to this Stipulated Protective

Order without waiving any legal right or privilege relating to the confidentiality of such Confidential Material; and

In accordance with the stipulation of the parties and for purpose of preserving the confidentiality of documents and information that constitute or relate to personal, private or confidential business information;

IT IS HEREBY ORDERED that a protective order shall be entered in this Action that shall apply as follows to all Confidential Material, whether contained or referenced in documents, deposition testimony, answers to interrogatories or document requests, written responses, answers to requests for admission, affidavits, or declarations; in copies, extracts, and summaries (complete or partial) prepared form such documents, or in copies of any of the foregoing:

1. As used herein, the words "document" or "documents" shall include any "writing" as that term is set forth and defined in Federal Rule of Evidence 1001, including both "originals" and "duplicates" of any writing.

2. Counsel for Universal Underwriters may designate its underwriting file as Confidential Material by marking each page so designated, at the time when it is first produced, served, or otherwise disclosed, with the legend "**Confidential**."

3. Universal may subsequently de-classify materials that it previously designated as "**Confidential**."

4. Any deposition testimony in this litigation, or any portion thereof, may be designated as Confidential Material by any party, or by any deponent not employed by any party, before or at the time of the deposition by the party's counsel or by the deponent in accordance with the following procedure:

(a) Such designation shall be made by letter or orally to all counsel.

(b) If the other party objects to designation of any material as confidential, the party requesting confidentiality shall have the burden of moving for the appropriate protective order. The non-moving party shall maintain confidentiality of the material for sixty days after the

1  deposition, and if a motion is filed within that period, until the Court rules on the motion.  If no

2  motion is filed and served within sixty days, then the material will not be deemed confidential.

3       5.    Any document or other material designated by Universal Underwriters as

4  Confidential Material shall not be used for any purpose except in contention with the

5  prosecution or defense of this Action (including any appeal) and may be disclosed only to the

6  following persons for the sole purpose of prosecution or defense of this Action;

7       (a)    the parties to this Action who agree to the terms of this Stipulated Protective Order

8  pursuant to paragraph 6 of this Stipulated Protective Order;

9       (b)    counsel of record for the parties to this Action and employees of such counsel who

10  are assisting counsel in the preparation of this Action for trial;

11       (c)    independent experts or consultants retained by counsel of record to assist in the

12  preparation of this Action for trial, pursuant to paragraph 6 of this Stipulated Protective Order,

13  but only to the extent such persons need such Confidential Information for that preparation;

14       (d)    judicial officials, jurors, and Court personnel (including stenographic reporters

15  employed by the Court), pursuant to paragraph 6 of this Stipulated Protective Order;

16       (e)    stenographic reporters not employed by the Court who are reporting deposition

17  testimony in this Action, and their employees and agents who are assisting them for that

18  purpose; and

19       (f)    any other person under such terms as may be agreed by the parties in writing or as

20  the Court may hereafter order.

21       6.    As a prerequisite to disclosing Confidential Materials to any person identified in

22  paragraph 5(a), (c) and (e), the person to whom the Confidential Materials are to be disclosed

23  must first execute a document in which they agree to be bound by the terms of the Stipulated

24  Protective Order, a copy of which is attached hereto as Exhibit A.

25       7.    Whenever any Confidential Material is submitted to the Court or used in

26  connection with any filing or proceeding in this Action, such document shall be submitted under

27  seal unless the party whose document or information to be submitted has consented in writing to

28  the disclosure or unless the Court otherwise directs.  The manner in which confidential

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

documents or information may be handled and disclosed in the course of the trial hereof shall be determined by the Court at a pre-trial conference.

8.   Confidential Material may be disclosed to and discussed with the persons identified in paragraph 5(b), (e) and (f) only if, prior to any disclosure or discussion of Confidential Material, the party or the party's counsel shall inform each such person of the existence of this Protective Order and instruct that such persons respect its provisions.

9.   Counsel receiving Confidential Material shall not make more copies of such Confidential Material than counsel deems reasonably necessary for the prosecution or defense of this Action.  All copies of Confidential Material shall be kept and stored in a manner which counsel deems reasonably calculated to preserve confidentiality.

10.   Plaintiffs' counsel may retain a copy of the Confidential Material for the period required by the California Rules of Professional Conduct, during which time the confidentiality of those materials will be protected in accordance with the terms of this Stipulated Protective Order.  Promptly at the end of that period (including appeals, any satisfaction of judgment, or any settlement of the Action), all copies of Confidential Material, including all copies in the possession of experts and consultants, shall be returned by the counsel receiving such Confidential Material to the counsel of the party who produced or provided it.  Counsel for the parties may retain legal memoranda or opinion letters that contain references to or information extracted from Confidential Material; however, the confidentiality of any such memoranda or letters is to be protected in accordance with the terms of this Stipulated Protective Order.

11.   The provisions of this Stipulated Protective Order, insofar as they relate to the communication and use of Confidential Material, shall continue in effect after the conclusion of this Action and until further order of the Court or agreement by the parties in writing.

12.   If any dispute arises about whether a document constitutes Confidential Material, the parties will try and resolve the dispute informally.  If informal resolution is not possible, the party asserting confidentiality of the document will bring a motion to have the document designated as Confidential Material with notice to all parties and upon a showing of good cause.

13. The Stipulate Protective Order may be modified by written agreement of the parties or by order of the Court. Any such agreement by the parties shall be filed in this Action.

14. By entering into this Stipulation, no party waives any right it may have to object to any discovery upon the grounds of privacy, confidentiality, or privilege, or to withhold information or documents from discovery on such grounds.

IT IS SO STIPULATED.

| Dated: March 28, 2006 | By _____/s/_____ <br> Tod Ratfield <br><br> Attorney for Plaintiffs <br> DUARTE & WITTING, INC. dba NADER CHRYSLER PLYMOUTH, and NADER EGHTESAD and AFSANEH EGHTESAD |
|---|---|
| Dated: March 30, 2006 | SONNENSCHEIN NATH & ROSENTHAL LLP <br><br> By _____/s/_____ <br> Sonia Martin <br><br> Attorney for Defendant <br> UNIVERSAL UNDERWRITERS INSURANCE COMPANY |
| IT IS SO ORDERED <br><br> Dated: ~~March~~ April 4, _____, 2006 | IT IS SO ORDERED <br> /s/ Judge Marilyn H. Patel <br> Honorable Judge <br> Northern District of California |

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

CASE NO. C05-1315 MHP

-5-

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement and Stipulated Protective Order in the action entitled *Duarte & Witting dba Nader Chrysler, et al. v. Universal Underwriters Ins. Co.*, United States District Court, Northern District of California Case No. C05-1315 MHP.  I agree to be bound by the provisions of the Confidentiality Agreement and Stipulated Protective Order with respect to any "Confidential Material" disclosed to me, and I specifically agree that I will not communicate, reveal, or use any "Confidential Material" except in accordance with the terms of the Confidentiality Agreement and Stipulated Protective Order.  I further agree to return any Confidential Material provided to me and all copies thereof to the party or counsel who provide such Confidential Material to me.

I hereby submit to the jurisdiction and venue of the United States District Court, Northern District of California for all purposes relating to the enforcement of the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the following is true and correct.

Executed this _____ day of _____ 2006 at _____
                                                                                                                  (City, City)

_____
Signature

_____
Name (typed)

27233070\V-1

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000